IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 6:16-cv-00419-JHP<br>) |
| (1) THOMAS RALPH DODSON, SR.,<br>(2) THOMAS RALPH DODSON, JR.,<br>(3) MADISON SHAR DODSON, and<br>(4) MURRAY COUNTY TREASURER, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND SUMMARY JUDGMENT, JOURNAL ENTRY OF JUDGMENT, AND ORDER OF SALE**

This matter comes before the Court upon the United States' Motion for Default Judgment and Summary Judgment (Docket No. 22) against defendants Thomas Ralph Dodson, Sr., Thomas Ralph Dodson, Jr., and Madison Shar Dodson ("the Defendants"). On February 23, 2018, Magistrate Judge Kimberly E. West issued Findings and Recommendation (Docket No. 24) recommending that:

    a.    Default judgment be entered against Defendant Thomas Ralph Dodson, Sr. and in favor of the United States in the amount of $77,369.06 plus interest and statutory additions accruing after December 18, 2017;

    b.    Summary judgment be entered in favor of the United States and against Defendants Thomas Ralph Dodson, Jr. and Madison Shar Dodson in that the transfer of 1811 West Ardmore Avenue in Sulphur, Oklahoma ("the Property") was fraudulently made and is, therefore, avoided. Moreover, the transfer was made subject to the federal tax liens of the United States; and

1

c. The federal tax liens in favor of the United States be enforced and the Property be sold and the proceeds be applied to Mr. Dodson, Sr.'s due and owing assessed federal tax liabilities.

No party objected to the Findings and Recommendation, and, after review, this Court finds that the Findings and Recommendation is supported by the record. Therefore, upon full consideration of the entire record and the issues presented herein, the Court finds and orders that the Findings and Recommendation entered by the United States Magistrate Judge on February 23, 2018 be AFFIRMED and ADOPTED by this Court as its Findings and Order. The Clerk shall enter judgment as follows:

1. Against defendant Thomas Ralph Dodson, Sr. and in favor of the United States in the amount of $77,369.06, plus interest and statutory additions accruing after December 18, 2017;

2. Against defendants Thomas Ralph Dodson, Jr. and Madison Shar Dodson and in favor of the United States in that the transfer of 1811 West Ardmore Avenue in Sulphur, Oklahoma ("the Property") was fraudulently made and is, therefore, avoided;

3. That the transfer of the Property was also made subject to the federal tax liens in favor of the United States;

4. That the federal tax liens in favor of the United States be enforced and the Property be sold, pursuant to 26 U.S.C. § 7403(c), with the proceeds applied to any outstanding liabilities as follows:

a. First, to the Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") for costs of sale;

b. Second, to Murray County for any outstanding taxes owed by Mr. Dodson, Sr. pursuant to 26 U.S.C. § 6323(b)(6);

    c. Third, to the United States for application against Mr. Dodson, Sr.'s outstanding federal tax liabilities.

  It is FURTHER ORDERED that the Property conveyed to Mr. Dodson, Sr. by warranty deed dated December 27, 2004, and recorded with the Murray County Registry of Deeds at Book 0753, Page 55 shall be sold, pursuant to 26 U.S.C § 7403(c). The legal description of the Property is as follows:

> All of Lot One (1), in Block Five (5), in Colbert Heights Addition to the City of Sulphur, Murray County, Oklahoma, according to the official map and plat thereof.

  The Property shall be sold as follows:

    1. The IRS PALS are authorized to offer for public sale and to sell the Property.

    2. **<u>Terms and Conditions:</u>** The terms and conditions of the sale are set forth below.

      a. The sale of the Property shall be by public auction to the highest bidder, free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including the plaintiff United States and the Defendants, and any successors in interest or transferees of those parties.

      b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements, restrictions, and reservations of record, if any.

    *Sale Location*

      c. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises.

*Notice of Sale*

    d.  The PALS shall announce the date and time for sale.

    e.  Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Murray County and, at the discretion of the PALS, by any other notice or advertisement that the PALS deems appropriate. The notice of the sale shall contain an adequate description of the Property but need not contain the full legal description, and shall contain the material terms and conditions of sale set forth in this order of sale.

    f.  The Property shall be offered for sale "as is."

**Redemption**

    g.  The sale shall be made without any right of redemption.

**Minimum Bid**

    h.  The PALS shall set, and may adjust, the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and adjust the minimum bid.

**Payment of Deposit and Balance**

    i.  At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order, certified check, or cashier's check made payable to the Clerk of the United States District Court for the Eastern District of Oklahoma, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published notice of sale. Upon receipt, the PALS will deposit the funds with the Clerk of this Court. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are

able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale.

    j. The successful bidder(s) shall pay the balance of the purchase price for the Property within forty-five (45) days following the date of the sale. The money order, certified check, or cashier's check shall be made payable to the Clerk of the United States District Court for the Eastern District of Oklahoma and shall be given to the PALS who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the sale shall be treated as null and void, and the deposit shall be forfeited and disbursed pursuant to further order of this Court, first to cover the expenses of the sale, then any amount remaining to be applied to the judgment for the federal tax liabilities entered in this case. The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder, at the sole discretion of the United States. The successful bidder(s) at the new sale or second highest bidder, as the case may be, shall receive the Property free and clear of all rights, titles, claims, liens, and interests of the defaulting bidder(s).

    k. The Clerk of this Court is directed to accept the deposits and the balance of the proceeds of the sale and deposit them into the Court's registry for distribution as provided for pursuant to further order of this Court.

    *Confirmation of Sale*

    l. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, ownership and possession of the Property shall transfer to the successful bidder(s), and all interests in, liens against, and titles and claims to, the Property that are held or asserted by the parties to this action are discharged and extinguished.

m. After the confirmation of the sale, the IRS shall execute and deliver a deed under the authority of this Court conveying the Property, effective as of the date on which this Court confirms the sale, to the successful bidder(s).  Also, after this Court confirms the sale, and on receipt of the deed from the successful bidder, the Recording Official of Murray County, Oklahoma, shall cause the transfer of the Property to be reflected upon that county's register of title. The successful bidder(s) shall pay, in addition to the amount of the bid, any county or local documentary stamps and registry fees as provided by law.

3. **Preservation of the Property:** Up until the date on which this Court confirms the sale of the Property, Mr. Dodson, Sr. and Mr. Dodson, Jr. shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property, and Mr. Dodson, Sr., Mr. Dodson, Jr. and all occupants of the Property shall neither commit waste against the Property, nor cause or permit anyone else to do so.  Up until the date on which this Court confirms the sale of the Property, the Defendants shall do nothing that tends to reduce the value or marketability of the Property, nor shall they cause or permit anyone else to do so.  The Defendants shall not record any instrument, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet or social media postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.  If the Property is destroyed before the date on which this Court confirms the sale of the Property and any of the Defendants are entitled to insurance proceeds, the insurance proceeds shall be paid into the registry of this Court. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

4. **Vacating the Property:** All persons occupying the Property shall vacate the Property permanently within 30 days of the date of this order of sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).

If any person fails or refuses to vacate the Property by the date specified in this order of sale, or attempts to re-enter the Property thereafter, the PALS is authorized to coordinate with the United States Marshals Service to take all actions that are reasonably necessary to have those persons ejected or excluded, in particular:

a. The U.S. Marshals Service is authorized to and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order.

b. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.

5. **Abandoned Personal Property:** Any personal property remaining on the Property thirty (30) days after the date of this order of sale is deemed forfeited and abandoned, and the PALS is authorized to dispose of it in any manner they see fit, including sale. If the abandoned personal property is sold, the proceeds of the sale are to be deposited into the registry of this Court and disbursed pursuant to further order of this Court, first to cover the expenses of the sale, then any amount remaining to be applied to the judgment for the federal tax liabilities entered in this case or as otherwise ordered. Money orders and checks for the purchase of the personal property shall be made payable to the Clerk of the United States District Court for the Eastern District of

Oklahoma, and the Clerk of the Court is directed to accept cash, money orders, and checks, and deposit such items into the Court's registry for distribution as provided for pursuant to further order of this Court.

6. **Forwarding Address:** No later than two business days after vacating the Property pursuant to the deadline set forth in paragraph 4, above, Mr. Dodson, Sr. and Mr. Dodson, Jr. or their agent shall notify counsel for the United States of a forwarding address where they can be reached. Notification shall be made by contacting the Trial Attorney Julian Lee at the U.S. Department of Justice Tax at (202) 307-6140.

7. **Access to the Property:** Up until the date on which this Court confirms the sale of the Property, the IRS, PALS, and their representatives are authorized to have free and full access to the Property in order to take any and all actions necessary to preserve and market the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

8. **Claims:** After the Court confirms the sale of the Property, the sale proceeds deposited with the Clerk of this Court shall be distributed first to IRS PALS for any costs of sale, second to Murray County to satisfy any liabilities due pursuant to 26 U.S.C. § 6323(b)(6), and then in satisfaction of Mr. Dodson Sr.'s federal tax liabilities.

IT IS SO ORDERED:

Signed this 18th day of April, 2018.

*[signature]*
James H. Payne
United States District Judge
Eastern District of Oklahoma